May it please the Court. I'm Matt Adams with Northwest Immigrant Rights Project. On behalf of the petitioner, Mr. Cortez, I'm going to seek to reserve a minute for rebuttal. The Board ignored the plain language of the statute in concluding that it categorically qualifies as a crime of violence. In focusing on the risk of the ordinary case, the Board failed to acknowledge that under A-2, there are two separate ways to commit the offense. The offender may either instill a fear that they'll inflict physical injury, or they may instill a fear that they'll commit any other crime. Only by ignoring the second part of committing any other crime could they categorically conclude that it involves violence. That's A-1. That is A-1. That is correct. The Board determined that the risk posed by coercion is that the victim's failure to comply will result in violent retribution. But this isn't correct as a categorical matter. It might result, the retribution might be any other crime. We submitted a case sample where what was threatened was to expose nude photos of the victim. So there, the retribution would be exposure of the photos, not violent crime. The government provided a couple other case samples. One would be exposing fraudulent tax conduct. The crime, the fear, does not necessarily require that it be inflicting physical injury. The Board attempts to avoid the plain language of the statute by pointing to the Supreme Court's case in James v. the United States. But in doing so, the Board makes two fundamental errors. First, the Board fails to recognize that the discussion in James of the ordinary case continues to focus on the elements of the crime. And thus, looking at the full range of conduct that's encompassed within those elements. In ignoring the second part of the statute, the Board has failed to look at the elements of the crime. Is the modified approach available? The modified categorical approach could have been used. In fact, the immigration judge had recognized that it was not categorically a crime of violence. And so he had relied on the modified categorical approach and looked to see if the record of conviction demonstrated that he had necessarily been convicted under the first part of A1. But the Board didn't accept the immigration judge's determination. And we have to, the question now, if we were to agree with you on the categorical analysis, would we be required to remand to the BIA for that determination of the modified, since the BIA hasn't yet had an opportunity to address that point? Well, the Board did have that opportunity to address the point, because that was the issue that was presented to it on appeal. The immigration petitioner argued that the immigration judge erred in relying on the original charging document instead of the amended information. I thought the BIA went straight to categorical. The Board did. The Board rejected that approach and found it categorical. Well, but you wouldn't, it's kind of, that's kind of backwards in a way. In other words, they don't start at modified and then say, well, if that doesn't work, we'll go to categorical. They start at categorical, and if they conclude that applies, end of story. So they wouldn't have occasion to go to modified categorical. So my question is now, let's assume they were wrong as a matter of law. Should we employ modified categorical on appeal in the Ninth Circuit, or should we remand it, or is there some other option you suggest? So this Court reviews the basis that the agency used to issue their decision. Pursuant to SEC v. Chenery, it's confined to review only the justification provided by the Board. So this Court wouldn't have occasion to go to the modified categorical approach because that's not what the Board of Immigration of Appeals offered in denying Mr. Cortez's petition, his appeal to them. Our point is that originally the appeal to the Board did focus on that issue, and the Board had that issue before it. So I guess your position is you lose because you chose wrong in effect, meaning you, meaning BIA or the government. The Board had the opportunity. All issues were presented to it, and there's no need for further proceedings. But if this Court were to find that it was only going to look at the categorical approach and that the Board should then have an opportunity to move on, then a remand would be appropriate for the Board to make that determination in the first instance. How old was your client at the time he entered the plea? How old was he? Yes. I believe he was around 39. But more importantly, the record of conviction doesn't talk about it. Doesn't show that. So that's irrelevant to the analysis, at least under the modified categorical approach. Mr. Adams, I'd like to see if I quite understand what you said. If the BIA was wrong in their analysis of the categorical approach, are you saying we should remand the BIA so they can consider the modified categorical approach? Our position is that the Board's order should be reversed and the Board should be ordered to terminate proceedings because the charge was not sustained and the Board had the opportunity to review all of the issues presented. So your answer is no. That's correct. Moving forward on that, the other way in which the Board erred is in turning to the James case, was failing to recognize that in James they were focusing on a distinct definition of the crime of violence under the Armed Career Criminal Act as opposed to the definition of a crime of violence under Section 16B. And in doing so, the Board was looking at analysis focusing on a risk of injury as opposed to a risk that it would be required to use violent force in the commission of the crime. The Board doesn't acknowledge this difference. Respondent now attempts to use slippery language to try to overcome this by advocating a theory that looks at the potential for escalating events. But the categorical analysis must look at the elements of this crime, not the potential that it could escalate into a more grave crime. Just as this Court has on many occasions found that separate assault statutes do not categorically qualify as crimes of violence, even though it's certainly possible that they could escalate into more severe crimes that would involve violence. The Board must focus on the elements of this crime. And again, even if you're applying this expansive interpretation, looking at how the potential for escalation, the Board has again ignored the second part of the statute. If what's being threatened is not violent conduct but rather exposing nude photos, the risk of escalation is that the nude photos would be exposed, not that violent conduct would ensue. In addition, because the Board is having to go beyond the plain language, it points to the fact that Mr. Cortez failed to provide any case samples. But this is, as we noted, because the immigration judge had already agreed with Petitioner that it did not categorically qualify as a crime of violence. And so the immigration judge had moved on to the modified categorical approach, and the appeal was based on Petitioner's contention that the judge had erroneously applied that modified categorical analysis. And in fact, the government concedes in their brief that the immigration judge had relied on the incorrect charging document. In addition, the Board points to a Second Circuit case, because that's all that's left with. And that Second Circuit case is pointing at a separate extortion statute. But more importantly, in that case, in the Second Circuit in Johnson, the individual had pled guilty to, if I'll quote, commit extortion by use of actual or threatened force, end quote. So he had pled guilty to a specific section of the statute. And more importantly, he didn't even dispute that it qualified as a crime of violence under 16b. So there was no analysis of that point. This is all that the Board has to rely on to determine that the separate Alaska statute categorically qualifies as a crime of violence. And I would make one final point, that Mr. Cortez is a lawful permanent resident. And so the burden is on the government to demonstrate that this crime categorically qualifies as a crime of violence. In Juenas-Alvarez, the Petitioner there had conceded deportability and was seeking a discretionary application for relief. So he had the burden to demonstrate that this crime did not disqualify him, as opposed to this case where it's the government that has the burden to demonstrate that this crime necessarily involves one of violence and renders him deportable. And I'll reserve the last minute for rebuttal. Ms. Fredrickson? Good morning. May it please the Court, my name is Amy Fredrickson and I represent the government in this matter. The sole question presented to the Court is whether the Petitioner's conviction for coercion under an Alaskan statute qualifies categorically as a crime of violence. The Board correctly determined that because violating the Alaskan statute creates a substantial risk of use of physical force, Petitioner's conviction for coercion is categorically a crime of violence under 18 U.S.C. Section 16B. How is there substantial risk with respect to the second prong, any other crime? The reason that there is substantial risk is because this is the type of crime that physical force is often used. But any other crime? Well, I think it's instructive to look at the specific language of the coercion statute under Alaska. In Alaska, the person must engage in conduct that they instill in the person a fear that if the demand is not complied with. The crime could be committed by someone saying, if you don't do what I want I'm going to report you for shoplifting? Well, now that's true. However, the report for shoplifting would actually fall under a different subsection because the Alaskan statute has six subsections and subsection A2 is to accuse anyone of a crime. Subsection A3 is to expose confidential information, whether true or false, that would tend to subject the person to hatred, contempt, ridicule, or impairs the person's credit or business repute, such as, for example, nude photos. How about this one, how about there's a boyfriend and a girlfriend and they've had an altercation and she feels that there's been an improper physical assault and he said, look, if you don't withdraw your complaint and go down there and tell them that you lied, I'm going to tell them exactly where you keep your marijuana and I'm going to tell them where you do cocaine and they're going to come over to this house and you're going to get arrested for that. Well, again, that would be accusing someone, threatening to accuse them of a crime, which would be under subsection A2. No, why isn't that, I'm giving you a demand and if you don't meet my demand, then I may accuse anyone of a crime. Right, well, that's subsection A2. And what about any other crime? But to commit any other crime, the crime would have to be committed by the perpetrator. How about the Alaska case that Mr. Cortez brought up that related to confidential information? The tax question was actually charged under A2, not A1. And in this case, what the perpetrator would have to threaten to be charged under subsection A1 is that they would physically hurt the person, which I think is clear, would fall under the crime of violence statute, or that they would commit any other crime. So to commit any other crime, the perpetrator would have to be threatening to commit the crime and the threat of committing that crime would have to be… Is your argument that the way we should read the Alaska statute is that any other crime should be read in the context of robbery because the other crimes which are not violent are covered by A2, accusation of a crime, or A3, exposed confidential information? Well, it's that the question in this case is whether there's a risk of physical violence, not whether there's actual violence occurs. Now this… I guess you didn't answer my question. That isn't answering the question. The other question is why would it be so specific about inflicting physical injury in one part and then in very clear statutory language it says, or no reference to physical injury or violence, commit any other crime? You mean the Alaskan statute? Right. I mean we have to read it as it's written, not as we might want it to read. Well, the Alaskan statute, first of all, in the administrative record, his conviction record shows specifically that his conviction was for A1. So it's not necessary for the court to examine the rest of those subsections. I'm only talking about A1. Right. Commit any other crime. Well, again, though, the question in this case is whether there's a substantial risk that physical injury might be used because we're looking at 18 U.S.C. 16, Section B. Now Section A covers any offense that has an element, but Congress in defining crime of violence also included any other felony that by its nature involves a substantial risk of use that physical force against a person or property of another may be used. Now in James, the Supreme Court examined the question of risk, and they concluded that an attempted burglary, even though it would not in every case result in a substantial risk of injury to another person, they looked at the nature of the crime, and they said that because of the way that a perpetrator commits a burglary, that they're entering a building where a person might be, and in the event of a confrontation there's a real and meaningful risk that someone will be injured, they concluded that there was a substantial risk of physical injury. Can I pause the question? Let me ask you this. What content would you give to the words, or any other crime? I would say that it means that the person has to be threatening that they will commit a crime, and that the threat of the crime has to be significant enough that it's going to instill a fear in the victim and that as a result the victim will be compelled to commit, to do or not to do something. But a fear of what? Are you reading some physical violent element into the words, quote, or commit any other crime? Well, the question, I have two responses. The first is that the crime has to be of a nature that's going to instill a fear in someone. So if someone is threatening to jaywalk, that's not the sort of commit a crime, it's going to instill a fear in someone that's going to compel them to do something. I think that this is the point where the ordinary case that's prosecuted under the coercion statute becomes instructive, because if you look at the ordinary case that is prosecuted under the statute, virtually all of these cases involve real threats or actual violence. It's threatening to stick the dog on someone. It's actually assaulting the girlfriend. It's cases like that. However, again, because the question in this case is about the substantial risk, not about whether actual violence is used, what the court needs to do. Can I interpose a question? Yes. The immigration judges, I understand in this case, concluded that the categorical approach would not work and then proceeded to apply the modified categorical approach, correct? Yes. And concluded that that approach did work. Yes. And there was an appeal to the DIA. Yes. And the DIA concluded that the categorical approach worked. Yes. Full stop. Yes. So if we agree with the petitioner in this case, what is the government's position? The government's position is that the court is required to limit itself to the reasons and basis of the board. So if you agree with the petitioner, then you should remand to allow the board to have the opportunity to examine the question in the first instance. And the immigration judge in the first instance found that the modified approach did work, correct? Yes. But the board did not need to reach that question because they found that it was credible. I understand that. I understand that. But your position is that it should go back to the DIA and perhaps they would send it back to the IJ or review what the IJ did with the modified approach, correct? That's correct. So the government still has a shot. Yes. Even if we agree with the petitioner on categorical. Yes. However, the board did correctly determine that because there's a system. I think you've made that. We understand your point. It's a question of if we were to disagree with it, what might we do? If you disagree with the board's decision, then you should remand to the board to permit the board to examine the question in the first instance. And we believe that under the Chenery Doctrine that that's the appropriate action. To examine what question in the first instance? Modified categorical approach? Whether the modified categorical approach applies or whether he's removable under another section. Thank you. I think you have a minute for rebuttal. I would just like to make the point that the samples that were provided both by respondent and government regarding the nude photos and the fraudulent tax scheme were both found guilty under subsection A1. You know, sometimes on rebuttal it's best just to pack up your briefcase and not try to snatch victory or defeat from the jaws of victory. But if you want to argue, you go right ahead. Thank you for your time. May I ask one question? Yes. Do you disagree with Ms. Fredrickson that if we decide to remand, we should remand to the BIA to allow them to examine de novo the modified categorical approach? I'm sorry, you missed the question part. The question is do you agree with her that we should remand for a modified categorical approach reviewed by the BIA? I believe that the board was already presented with that issue and already had that opportunity, and so they don't need a second bite at the apple. No. All right. Thank you. The case just argued, Cortez v. Holder is submitted.
judges: Hawkins, McKeown, Bea